### ROBERT CAMPBELL AGT. I. HALL & CO.

*Attachment : Affidavit : Practice.*

1. In an attachment the rule of construction is to insist on a strict compliance with the requirements of the law.

2. It is not enough to state in an affidavit for an attachment, under the code, that "that affiant has reasons to believe and does believe," etc. ; the ground upon which the affidavit is made must be set forth positively.

APPEAL from the District Court of the First Judicial District in and for Leavenworth County.

*By the Court*—ELMORE, J.

The plaintiff commenced an action in the district court in and for the county of Leavenworth, by attachment, on —th day of ——, 1858. On the —th day of ——, 1858, the defendants moved the court to set aside the attachment, which motion was sustained. The plaintiff excepted thereto, and prosecutes his petition in error.

This is an *ex parte* proceeding, and it should be resorted to only under extraordinary circumstances, and then not only the letter but the spirit of the law should be fully complied with.

There is no remedy known to the law more liable to be, or more, abused than this, and under which a greater injury can be inflicted on the defendant under the forms of law. The rule of construction is to insist on a strict compliance with all the requirements of the law. This is the practice in the older and more settled states, where business has become fixed and uniform. If the courts of the older states have found it necessary to adopt this rule of construction to protect the property and interest of persons, how much more cogently and strongly should the same reasons address themselves to the consideration of this court, under the peculiar circumstances now existing in this territory; and none will deny but that it is proper and right for the courts to interpose and rule to a strict showing of all the essentials of the law.

The affidavit sets forth "that the affiant has good reasons and does believe that the defendants have assigned and disposed of their property, or a part thereof, with intent to defraud their creditors." Is this a compliance with the law—Secs. 191, 192, Statutes of 1858, page 94. Section 192 provides that an attachment shall issue, upon there being filed an affidavit of the plaintiff, his agent or attorney, showing, First, The nature of the plaintiff's claim. Second, That it is just. Third, The amount the affiant be-

Robert Campbell agt. I. Hall & Co.

lieves that plaintiff ought to recover. Fourth, The existence of some one of the grounds enumerated in the preceding section.

The affidavit sets forth the nature of the plaintiff's claim; that it is just, and the amount the affiant believes the plaintiff ought to recover. These three subdivisions are in strict accordance with the requirements of the law; but has the fourth subdivision, which, in our opinion, is the main or material fact on which all the other facts hang, been complied with? Is the belief of the affiant a showing to the court of the existence of some of the grounds enumerated in Sec. 192. We think not, and we can not perceive how the belief can be taken as evidence by the court. We can not see any good reason why the plaintiff should be required to state positively the nature, the amount, and the amount which judgment should be rendered for, and then to state his belief that the defendants have done particular acts with intent. The *"animus"* makes out and decides whether the plaintiff has the right to the remedy sought for or not. The most important and material point is the *intent*. The others might exist; but, if the intent is wanting, the plaintiff would not be entitled to this remedy. Then it must necessarily follow that the intent or ground upon which the attachment is relied on must be stated in the positive.

ORDER.—Entertaining these views, we are of the opinion that the affidavit is defective. Consequently the cause is affirmed, and the cost of the attachment

and of this court is taxed to Robert Campbell, plaintiff in petition.